UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

MICHAEL SHERWOOD #456871
FREDERICK JOSEPH CABLE #408902
MICHAEL ALLAN SLIS #167700, PETER POWELL #249694
ANTHONY L. MARTIN #196158 , ANTHONY WOOTEN #146791
RUSSELL DARYL GILMORE #184437, GARY ALVA THATCHER #384349
KELVIN DAVID MOFFIT #271355, DAVID CLARK #674357
JOSEPH CAHEE #406914, RAYMOND AMBROSE GOODNOW #269371
CURTIS SMITH #292372, BILLY RAY HOUSER #252592
WILLIAM EDWARD STEBELTON II #590907,

                Plaintiff,            Case No. 2:09-cv-181

v.                                 Honorable R. Allan Edgar

TIMOTHY P. GREELEY,

                Defendant.

_____/

## OPINION

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

**The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.** Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly

irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

The above captioned Plaintiffs, who are inmates at the Kinross Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant United States Magistrate Judge Timothy P. Greeley. Plaintiffs allege in their complaint that Magistrate Judge Greeley violated their rights by ordering the Clerk of Court to reject certain pleadings submitted by each Plaintiff because they were not filed on the correct form, despite the fact that the proper form had been provided to them. Plaintiff seeks both damages and equitable relief.

II.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The court notes that Plaintiffs' claims for damages are barred by the doctrine of judicial immunity. Generally, judges are absolutely immune from civil suits for money damages. Absolute judicial immunity may be overcome only where the actions complained of were not taken in the judge's judicial capacity, or where the actions complained of were taken in the complete absence of all jurisdiction. *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir.) (citing *Mireles v. Waco*, 502 U.S. 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997)), *cert. denied*, 118 S. Ct. 560 (1997).

In determining whether an action is judicial, the appropriate focus is on the nature and function of the act, not the act itself. First, the court must determine whether the complained of conduct is a function normally performed by a judge. Second, in divining the expectations of the plaintiff, the court must assess whether the plaintiff dealt with the judge in his or her judicial

capacity. *Ireland*, 113 F.3d at 1440-1441 (citing *Mireles*, 502 U.S. at 13; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). In this case, Magistrate Judge Greeley issued orders rejecting pleadings submitted by Plaintiffs in various cases, stating that each Plaintiff had been directed to file an amended pleading on the proper form, had been provided with the form, and had failed to comply with the order. These actions are clearly among those normally performed by a judge. Further, Plaintiffs dealt with Magistrate Judge Greeley in his judicial capacity. Therefore, the conduct complained of was taken in Magistrate Judge Greeley's judicial capacity, so that the doctrine of judicial immunity is not overcome.

To the extent that Plaintiffs are seeking equitable relief, these claims are not barred by the doctrine of judicial immunity. *Pulliam v. Allen,* 466 U.S. 522, 541-42, 104 S.Ct. 1970 (1984). However, the court concludes that Plaintiffs' claims for equitable relief are properly dismissed for lack of merit. The court notes that all civil rights complaints brought by prisoners must be submitted on the form provided by this Court. *See* W.D. Mich. LCivR 5.6(a). Plaintiffs were provided with the proper forms, but failed to comply with the court rule. Because Plaintiffs do not have a constitutional right to disregard the court rules, their claims are properly dismissed.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the

$455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: _____11/9/09_____                    _____*/s/ R. Allan Edgar*_____
                                            R. Allan Edgar
                                            United States District Judge